IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL LEE GORDON,<br>Plaintiff, | : <br> : <br> : | PRISONER CIVIL RIGHTS<br>28 U.S.C. § 1331 |
| v. | : <br> : | |
| LIEUTENANT SEAH et al.,<br>Defendants. | : <br> : | CIVIL ACTION NO.<br>1:13-CV-1928-TWT-LTW |

### FINAL REPORT AND RECOMMENDATION

Plaintiff is confined at the federal prison in Waymart, Pennsylvania. Plaintiff, pro se, seeks damages for the alleged excessive use of force against him when he was confined at the federal prison in Atlanta, Georgia in September 2010. (Doc. 1.) Plaintiff did not pay the $400 filing fee or submit an application to proceed *in forma pauperis* ("IFP").

Plaintiff previously filed suit in this Court regarding the alleged September 2010 event without paying the filing fee. The Court dismissed that action without prejudice because Plaintiff was barred under the "three-strikes provision" of the prisoner IFP statute from filing suit without paying the filing fee. Order, *Gordon v. Keller*, No. 1:10-cv-3470-TWT (N.D. Ga. Nov. 4, 2010).

This case suffers the same fate. Plaintiff cannot proceed IFP because he has filed, while incarcerated, at least three civil actions or appeals that were dismissed as

AO 72A
(Rev.8/82)

frivolous or for failure to state a claim upon which relief can be granted. *See id.* (listing cases); 28 U.S.C. § 1915(g).

When § 1915(g) bars a prisoner from proceeding IFP, "the proper procedure is . . . to dismiss the complaint without prejudice." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). "The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit." *Id.*

Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED** this 16 day of June, 2013.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)